DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
131 East Thirty-Eighth Street
New York, N.Y. 10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY
a/s/o DIGITAL PORTAL, INC.,                                              **ECF CASE**

                Plaintiff,                                                       07 Civ. 3398 (BSJ)

    - against -

                                                                 **ANSWER**

ARIES FREIGHT SYSTEMS, L.P.

                Defendant.
-----------------------------------------------------------X

       Defendant, ARIES FREIGHT SYSTEMS, L.P. by its attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Complaint propounded by the plaintiff herein, respectfully shows to the Court and alleges upon information and belief as follows:

       1. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 1,2, 5 and 6 of the Complaint.

       2. Admits the allegations contained in paragraph 3 of the Complaint.

       3. Admits that defendant was and still is a common carrier of merchandise by truck in interstate commerce for hire and, except as so admitted, denies the allegations contained in paragraph 4 of the Complaint.

       4. Admits that on or about November 30, 2006, Digital Portal, Inc. requested defendant to have a DKS 1510 machine delivered to Humza Video & Photo, the

consignee and, except as so admitted, denies the allegations contained in paragraph 7 of the Complaint and denies having sufficient knowledge or information to form a belief as to the allegation "the cargo was valued at $51,200."

5. Denies the allegations contained in paragraph 8 of the Complaint.

6. Admits that defendant delivered the cargo to consignee and, except as so admitted, denies the allegations contained in paragraph 9 of the Complaint

7. Admits demand and non-payment and, except as so admitted, denies the allegations contained in paragraph 10 of the Complaint.

## FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

8. The Complaint fails to state a cause of action against defendant upon which relief can be granted.

## FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

9. At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

## FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

10. Notice of claim, if given, did not conform to the applicable statute. The suit should be dismissed as a result.

## FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

11. All defenses afforded by applicable law, agreement, tariff or otherwise are incorporated herein as if set forth in full.

## FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE.

12. The cargo was not properly packaged for the intended transport.

<u>FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE</u>

13. Liability is limited pursuant to applicable tariff law, agreement and/or otherwise.

<u>FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE</u>

14. The Complaint fails to join an indispensable party as a defendant.

<u>FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE</u>

15. At all relevant times defendant acted as an agent for a disclosed principal.

WHEREFORE, defendant prays that the Complaint herein be dismissed, together with the costs and disbursements of this action, including reasonable counsel fees, and for such other, further or different relief as to this Court may be just and proper.

Dated:  New York, New York
        August 16, 2007

> DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
> Attorneys for Defendant
>
> S/ _____
>    PETER J. ZAMBITO             9362 PZ
>
> OFFICE AND P.O. ADDRESS:
> 131 East Thirty Eighth Street
> New York, N.Y.  10016
> (212) 889-2300